## Ulbrich v. Boone County Coal Corporation.

*Chester N. Farr, Jr.*, for plaintiff; *Layton M. Schoch*, for defendant.

ALESSANDRONI, J., July 21, 1931.—The plaintiff claims damages as a result of an injury sustained at the hands of a physician employed by the defendant to treat all workmen requiring medical attention. The statement shows that $1.50 per month was taken from the pay of the plaintiff for this purpose and that the defendant's physician carelessly and negligently treated the plaintiff's hand to his damage and detriment. An important averment of the statement sets forth that the sum received by the defendant from its employees under this system of contribution was more than sufficient to pay the expenses of the physician employed and the medical expenses incurred in treating the company's employees, and that the defendant corporation received from these assessments of its employees a large profit which it appropriated to its own use.

It is contended by the defendant that the claim is insufficient for the reason that said physician was not an agent of the defendant, being an independent contractor, over the manner and method of whose practice defendant had no right of control, and that plaintiff has not alleged defendant failed to exercise due care in the selection and retention of said physician to treat plaintiff.

In support of these questions, the defendant has stated the general prin-

ciple that the doctrine of *respondeat superior* does not apply in the case of injury done to an employee by the unskillful or careless treatment of a physician employed to treat the employees of a company; that one who employs a physician to minister to others without profit to himself is liable only for the failure to exercise due care in the selection and choice of a competent and skilled physician.

While these principles are sound and recognized generally, they have no application to this case because of the averment in the statement that the defendant furnished these services to its employees for profit. Such being the case, the defendant is in no better position than one who holds himself out to offer medical treatment for gain, who is, under such circumstances, brought within the rule of master and servant and, therefore, liable for the carelessness or negligence of its employees. Nothing appears in the defendant's oral argument or brief to question the soundness of this principle. The questions of law raised in the affidavit of defense, therefore, cannot be sustained. The defendant is given leave, however, to file an affidavit of defense within fifteen days hereof.